UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

IRVYN CAESAR,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK; DETECTIVE HEROLD
ALEXIS, Shield No. 1779, in his individual and official
capacity; DETECTIVE ERIC GIULIANI, Tax No. 947032,
in his individual and official capacity; and JOHN DOE #1
and #2  (whose identities are currently unknown but who
are known to be police officers and/or supervisory
personnel of the New York City Police Department), in
their  individual and official capacities,

                              Defendants.
-------------------------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

1:15-cv-3759

     Plaintiff, IRVYN CAESAR, by his attorney, Steven E. Lynch, alleges for his

complaint against the defendants as follows:

## PRELIMINARY STATEMENT

    1.     Plaintiff brings this action for compensatory damages, punitive damages,

and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his

civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

## JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

    4.     Plaintiff invokes this Court's supplemental jurisdiction  pursuant  to  28 U.S.C. §

1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy. Plaintiff has satisfied all procedural prerequisites with respect to his state law claims. Plaintiff served notice of claim upon the City within ninety (90) days of the incident underlying his claims and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York.   Although thirty ( 30) days have elapsed since service of his initial notice of claim, the City has not adjusted or paid such claim.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff was at all relevant times a citizen of the City and State of New York.

8.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

2

10.     At all times hereinafter mentioned, the individually named defendants, DETECTIVE HEROLD ALEXIS, DETECTIVE ERIC GIULIANI, and JOHN DOE #1 and #2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On or about April 1, 2014 at approximately 2:00 p.m., plaintiff was walking towards his father's residence in the vicinity of Willoughby Avenue and Nostrand Avenue in Brooklyn, New York.

15.     As plaintiff neared his father's home, a police officer, believed to be Detective Herold Alexis, exited an unmarked car, detained plaintiff, and searched plaintiff, placing his bare hands on plaintiff's genitalia and buttocks during the search.

16.     Detective Alexis's search of plaintiff yielded approximately five hundred dollars ($500.00) in U.S. currency, plaintiff's cell phone, cell phone charger, and identification, but no contraband.

17.     Plaintiff received an NYPD Property Clerk Invoice for only two hundred and seven dollars ($207.00).

3

18.     Detective Eric Giuliani, John Doe #1, and John Doe #2, exited unmarked vehicles and approached plaintiff.

19.     John Doe #1 appeared to be a Caucasian male with short hair, approximately 35 years old, standing approximately 6'2" tall, and weighing approximately 220 pounds.

20.     John Doe #2 appeared to be a dark-skinned African-American male, standing approximately 5'7" tall, weighing approximately 230 pounds, and wearing a vest, hooded sweatshirt, New York Yankees hat, and blue jeans.

21.     Subsequently, the police officers placed plaintiff in the unmarked van, made additional arrests for approximately one hour, and transported the defendant and others to the 79th precinct located at 263 Tompkins Ave, Brooklyn, New York.

22.     Inside of the 79th Precinct, John Doe #2 strip-searched plaintiff, ordering him to expose his genitals, squat, cough, and "do the hokey-pokey and turn it all around" in front of other detainees and police officers.

23.     On or about April 2, 2014, plaintiff was released after the Kings County District Attorney declined to prosecute the plaintiff.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations for Unlawful Stop and Search*
(Against the Individual Officer Defendants)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

25.     Defendants violated the Fourth and Fourteenth Amendment by stopping and searching plaintiff and seizing his property without reasonable suspicion.

26.     By virtue of the foregoing, the defendants deprived the plaintiff of his Fourth

4

Amendment rights under the United States Constitution to be free from unreasonable searches and seizures of his person and are liable to plaintiff under 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violation*
*for False Arrest*
(Against the Individual Officer Defendants)

27.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

28.   As a result of defendants' aforementioned conduct, the plaintiff was subjected to an illegal, improper, and false arrest.  The plaintiff was taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.  In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

29.   Plaintiff was conscious of his confinement.

30.   As a result of the foregoing, plaintiff's liberty was restricted in filthy and degrading conditions for an extended period of time, plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

31.   By virtue of the foregoing, the defendants deprived the plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable seizures of his person and are liable to plaintiff under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violations Illegal Strip Search in 79th Precinct*
(Against the Individual Officer Defendants)

32.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

33.   John Doe #2's strip search of plaintiff in the 79th precinct was illegal and

improper because no police officer had probable cause to believe plaintiff committed a crime.

34.   Moreover, no police officer had reasonable suspicion to believe that the plaintiff was hiding illegal items under his clothes.

35.   At the time of plaintiff's strip search in the 79th precinct, plaintiff had not been arraigned before a judge nor been admitted to a correctional facility.

36.   By virtue of the foregoing, the defendants deprived the plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches of his person and are liable to plaintiff under 42 U.S.C. §1983.

**FOURTH CAUSE OF ACTION**
*42 U.S.C. § 1983- Fifth and Fourteenth Amendment Violations for Fabrication of Evidence*
(Against the Individual Officer Defendant)

37.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

38.   The defendant created false evidence against the plaintiff and drafted or signed sworn criminal complaints and false police reports.

39.   The defendant forwarded to prosecutors fabricated and false evidence that was likely to influence a jury's decision.

40.   The defendants knowingly and intentionally provided false evidence against plaintiff in legal proceedings.

41.   By virtue of the foregoing, the defendants deprived the plaintiff of his Fifth and Fourteenth Amendment rights under the United States Constitution to due process and to a fair trial and are liable to plaintiff under 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION
*Municipal Liability*
(Against Defendant City)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

43.     The City's continuing failure to deter police misconduct has led to ever increasing numbers of lawsuits for repeated misconduct by the same officers, same units, and same precincts. In the fiscal year of 2012, there were 2,004 tort cases commenced against the New York City Police Department, up from 1,425 tort cases commenced for the fiscal year of 2008.[1] The City of New York has paid at least $80 million for torts against the New York City Police Department since the fiscal year of 2008, peaking in fiscal year of 2009 when it paid out more than $117 million.[1]  In the past ten years, the City of New York has paid nearly a billion dollars on lawsuits brought against the NYPD.[2]

44.     The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan  547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect

---

[1]  Fiscal 2013 Preliminary Mayor's Management Report for the New York City Police Department, available at *www.nyc.gov/html/ops/downloads/pdf/mmr0912/nypd.pdf,* see page 5, last visited on January 24, 2014.

[2]  "NYPD gives quite the payday; AP report reveals police have dolled out $1B to resolve lawsuits," by Associated Press Writers Colleen Long and Jennifer Peltz via Daily News wire Report, http://www.nydailynews.com/new-york/nypd-payday-ap-report-reveals-police-dolled-1b-resolve-lawsuits-article-1.189671, October 15, 2010 last visited on January 27, 2014.

(citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

45.     However, the City of New York has isolated NYPD officers like P.O. Felicia Simon from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.  In 1999, former Comptroller Alan Hevesi reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.[3]  This "total disconnect" between officers' liability and NYPD discipline, results in a system where the City pays vast sums to settle false arrests, but the NYPD does nothing to investigate nor address the underlying causes of such false arrests or officers who have incurred large sums of civil rights liability.

46.     The City Council, Government Operations Committee, despite being alerted at a City Council hearing on December 12, 2009, and on other occasions, to the obvious problem of officers and precincts with a disproportionate responsibility for civil rights lawsuit liability, has failed to take action to hold officers or precincts accountable. It has likewise failed to hold an investigative hearing into what extent specific officers, units and precincts are disproportionately responsible for New York City civil rights lawsuits.

---

[3] Bob Hennelly's WNYC report, "Amid City Budget Crisis, New Scrutiny on Millions in NYPD Settlements" from June 8, 2011: http://www.wnyc.org/articles/its-free-country/2011/jun/08/amid-city-budget-grappling-new-scrutiny-millions-nypd-settlements/, last visited on January 27, 2014.

47.     Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD.  The City's deliberate indifference towards the contents of civil rights litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by the plaintiff.

48.     Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for.  Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

49.     All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal.  "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal

conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

50.     In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with  "deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

51.     The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

52.     Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City.

### SIXTH CAUSE OF ACTION
New York Common Law
(Against all Defendants)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

54.     By the actions described above, the City and each and every Individual Officer Defendant, jointly and severally, falsely arrested plaintiff, which is tortious under the laws of the State of New York:

55.     The defendants' foregoing acts and conduct were a direct and proximate cause of injury and damage to plaintiff and violated the common law rights guaranteed to him by the law of the State of New York.

## SEVENTH CAUSE OF ACTION
New York State Constitution
(Against the City and the Individual Officer Defendants)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

57.     The Individual Officer defendants subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of his rights to be free from unreasonable searches and seizures, in violation of New York State Constitution Article 1, § 12.

## EIGHTH CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

59.     The Individual Officer Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

60.     As a result of the foregoing, the plaintiff is entitled to compensatory damages in an amount to be determined by a jury and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

WHEREFORE, the plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d.     Such other and further relief as this Court may deem just and proper, including

injunctive  and declaratory  relief.


Dated:  New York, New York                    By:                    /s/
            June 27, 2015                                    _____
                                                             Steven E. Lynch
                                                             Attorney for Plaintiff
                                                             The Law Offices of Steven E. Lynch
                                                             233 Fifth Avenue, Suite 4A
                                                             New York, New York 10016
                                                             (T) (718) 858-8737
                                                             (F) (718) 690-3593
                                                             steven@stevenelynch.com